UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MANHATTAN REVIEW LLC; and JOERN                    16-CV-00102
MEISSNER, derivatively on behalf of Manhattan
Review LLC,

                            Plaintiffs,            **COMPLAINT**

                - against -

TRACY YUN; MANHATTAN ENTERPRISE
GROUP d/b/a MANHATTAN ELITE PREP;
CHRISTOPHER KELLY; and HEATHER SIMON,

                            Defendants.
----------------------------------------------------------------X


        Plaintiffs Manhattan Review LLC and Joern Meissner, derivatively on behalf of

Manhattan Review LLC, by their attorneys Higgins & Trippett LLP, complain and allege

as follows:

                            **Parties**

        1.      At all times relevant herein, Plaintiff Manhattan Review LLC ("Manhattan

Review") is a Delaware LLC with its principal place of business located in New York

City.

        2.      At all times relevant herein, Plaintiff Joern Meissner ("Meissner"), suing

derivatively on behalf of Manhattan Review LLC, is an individual who resides in the

State of New York.

        3.      Upon information and belief, Defendant Tracy Yun ("Yun") is an

individual residing in New York, New York.

4.      Upon information and belief, Defendant Manhattan Enterprise Group LLC, doing business as Manhattan Elite Prep ("Manhattan Elite Prep"), is a Delaware LLC with its principal place of business located in New York City at 521 Fifth Avenue, 17th Floor, New York, New York 10175.

5.      Upon information and belief, Defendant Christopher Kelly ("Kelly") is an individual residing in Greenwich, Connecticut.

6.      Upon information and belief, Defendant Heather Simon ("Simon") is an individual residing in Astoria, New York.

## Jurisdiction and Venue

7.      This action arises in part under the Lanham Act of 1946 (as amended), 15 U.S.C. §1051 et seq., and under related state statutory and common laws.

8.      This action arises in part under the Copyright Act of the United States (as amended), 17 U.S.C. §101 et seq., and under related state statutory and common laws.

9.      Subject matter jurisdiction is based upon 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338 and 1367.

10.     This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367, and under principles of pendent jurisdiction.

11.     This Court has jurisdiction for claims against defendant Kelly pursuant to 28 U.S.C. §1332 based on diversity of citizenship between Plaintiffs and Kelly, and because the amount in controversy exceeds $75,000.

12.     Venue is proper pursuant to 28 U.S.C. §§1391 and 1400 because all defendants ("Defendants") are located in this Judicial District and are doing and

transacting business in this Judicial District; Defendants have substantial contacts with this Judicial District; Defendants have advertised in this Judicial District; and Defendants have caused many of the tortious and wrongful acts complained of herein in this Judicial District, including but not limited to infringement of copyright and trademark, as more fully alleged below.

13.     This Court has personal jurisdiction over Defendants in this action by virtue of their acts and omissions in the State of New York which are designed to cause, and are causing, substantial confusion and deception among consumers in New York and injury to plaintiff Manhattan Review's reputation and goodwill.

14.     Plaintiff Manhattan Review is the author of certain literary works, including a work infringed upon herein by Defendants entitled "*Manhattan Review Turbocharge Your GMAT Math Study Guide*."

15.     On January 5, 2016, plaintiff Manhattan Review filed an application for copyright registration with the United States Copyright Office for its "*Manhattan Review Turbocharge Your GMAT Math Study Guide*", and is awaiting the issuance of a registration.  A true and correct copy of Manhattan Review's application for copyright registration is annexed hereto as Exhibit A.

## The Creation and Operation of Manhattan Review LLC

16.     Plaintiff Professor Dr. Joern Meissner, a German national, was and is an expert in teaching students to take the standardized Graduate Management Admission Test ("GMAT"), the primary test used in connection with admission into graduate business programs in the United States.

17.     Professor Meissner, who holds a Ph.D. in Management Science from Columbia University, developed his expertise in the test preparation business through a series of original lectures he delivered in the late 1990s.

18.     Since at least 1999, Professor Meissner engaged in the test preparatory business abroad and in the United States, utilizing the service mark "Manhattan Review."

19.     Defendant Yun is a former investment banker who possesses expertise in business management, and earned a Master's in Business Administration from Columbia University in 1998.

20.     In or about 2005, Meissner and Yun agreed to create a test-prep business as partners, with Meissner as majority partner and Yun as minority partner.

21.     On March 10, 2005, Manhattan Review LLC was created in Delaware by Meissner and Yun.

22.     The ownership of Manhattan Review LLC was divided at its creation between Meissner and Yun as 75% to Meissner, and 25% to Yun.

23.     Defendant Kelly, an attorney admitted to practice law in the State of New York, represented Meissner, Yun and Manhattan Review LLC in creating the LLC in Delaware, drafting an Operating Agreement, and filing the necessary papers for the LLC to do business in New York.

24.     While the Operating Agreement for Manhattan Review LLC was apparently never signed by Meissner and Yun, they adopted the material terms thereof by operating the LLC for six years thereunder.

25.     In the alternative, if all the terms of the Operating Agreement were not adopted by the parties, then the default provisions of the Delaware Limited Liability Company Act govern certain aspects of Manhattan Review's operations.

26.     In or about the fourth quarter of 2005, Meissner and Yun verbally agreed that Meissner would own 70% of Manhattan Review instead of 75%, and that Yun would own 30% of Manhattan Review instead of 25%.

27.     For the years 2005 through 2007, Yun prepared Federal Form 1065 Schedule K-1s, acknowledging that Meissner owned 70% of Manhattan Review, and showing that she owned 30% of Manhattan Review.

**Manhattan Review LLC Operates Successfully for Six Years**

28.     Yun and Meissner operated Manhattan Review together successfully for a period of approximately six years.

29.     Yun is not an academic and had no teaching experience, so she was responsible for managing, operating and essentially running Manhattan Review's New York City office.

30.     Yun's duties in managing and operating Manhattan Review included advertising the courses offered by Manhattan Review; signing up students for the courses; collecting fees and paying expenses, such as rent and compensation of staff; arranging for and scheduling lecturers to deliver the GMAT prep materials; assisting in the updates and edits of prep materials and workbooks; and overseeing the administrative details of running the business.

31.     Meissner and Yun agreed that Yun was the Tax Management Partner for Manhattan Review, and so Yun undertook and oversaw accounting and tax issues for the LLC, including filing tax returns, complying with tax and reporting laws, and interacting with the LLC's legal professionals.

32.     Meissner and Yun agreed that neither would draw a salary from Manhattan Review, but Yun would receive 50% of the annual operating profits, despite only owning 30% of the LLC, in order to reward her—and incentivize her—for her management duties.

33.     Professor Meissner's academic obligations required him to be abroad most of the time, but his contributions to Manhattan Review were based significantly upon his teaching expertise, as well as his knowledge of website and Internet commerce.

34.     Professor Meissner's teaching and pedagogical contributions to Manhattan Review included his original lectures on the GMAT as supplemented and updated; his writings including workbooks, study guides, and test questions; and his reviews, edits and input concerning other teaching materials utilized and sold by Manhattan Review.

35.     Professor Meissner's website and Internet commerce contributions to Manhattan Review included oversight of the technical maintenance of the LLC's websites; application of search engine optimization techniques; the acquisition and registration of various domain names; and oversight of all emails and web-based payments to Manhattan Review.

36.     Professor Meissner was also a frequent speaker at fairs and events held for prospective MBA students, where he promoted Manhattan Review's services and provided presentations and overviews of the GMAT.

## Yun's Efforts to Destroy Manhattan Review LLC

37.     In or about October 2011, Yun and Meissner had several heated exchanges over Manhattan Review that were rooted, in part, in Yun's misinterpretation of their personal relationship.

38.     In or about October 2011, Yun demanded that Meissner either marry her, or she would cease operating Manhattan Review.

39.     In or about October 2011, Yun threatened to shut down Manhattan Review unless Meissner sold his 70% ownership interest to her for $250,000.

40.     In or about December 2011, Yun repeated her demand that Meissner either marry her, or she would cease Manhattan Review's operations.

41.     In or about December 2011, Yun threatened repeatedly to "destroy" Manhattan Review, and further threatened to "destroy" Meissner.

42.     On or about December 17, 2011, Yun threatened in an email to open a new business as a "competitor" to Manhattan Review to "replacce (sic) MR [Manhattan Review] entirely!"

43.     From on or about December 17, 2011, Yun began to take specific actions that destroyed the operations of Manhattan Review, transferring and misappropriating its assets, business, intellectual property and employees to a new company she formed for that purpose.

44.     On December 17, 2011, Yun emailed the employees of Manhattan Review and stated that she would "start a new company within days" to take the place of Manhattan Review.

45.     On December 19, 2011, Yun emptied the bank account of Manhattan Review, transferring not less than $150,000 to herself.

46.     After Yun's wrongful transfer of funds, the bank account of Manhattan Review had a balance at the end of December of only $3,672.04.

47.     On December 24, 2011, Yun transferred to herself two trademarks that were registered by Manhattan Review, one for the service mark "Manhattan Review" and another for the service mark "Turbocharge Your Career."

48.     On December 30, 2011, Yun executed a Certificate of Cancellation of Manhattan Review LLC, and then had the same filed in the State of Delaware on or about January 3, 2012, without the consent or approval of Professor Meissner.

49.     In or about December 2011, Yun emailed Manhattan Review employees and stated, "As of Jan 1st, 2012, let us start answering the phone as Manhattan Group.  If a student asks if we are Manhattan Review, say that it's one of our trademarks."

50.     On January 3, 2012, Yun created defendant Manhattan Elite Prep, a Delaware LLC that, upon information and belief, is wholly owned by Yun.

51.     In January 2012 and thereafter, Yun commenced operations through Manhattan Elite Prep, wrongfully taking Manhattan Review's assets, business, intellectual property, clients, and employees.

52.     In January 2012, Yun took the telephone numbers (212) 997-1660; (212) 997-1669; and 888-6MANREV [888-662-6738], which had been Manhattan Review phone numbers since 2005, and forwarded all calls from these numbers to Manhattan Elite Prep.

53.     In January 2012 and thereafter, Yun took Manhattan Review's Yelp reviews, Citysearch profile, My WikiBiz listing, and Facebook page, redirecting the public to Manhattan Elite Prep and wrongfully renaming portions thereof to falsely designate the same as belonging to Manhattan Elite Prep.

54.     In January 2012 and thereafter, Yun and Manhattan Elite Prep wrongfully used Manhattan Review's trademarks and tradename to direct business away from Manhattan Review and toward Manhattan Elite Prep, causing confusion in the marketplace and wrongfully infringing upon the rights of Manhattan Review.

55.     In January 2012 and thereafter, Yun and Manhattan Elite Prep wrongfully marketed and sold copyrighted materials of Manhattan Review, infringing upon the rights of Manhattan Review.

56.     In January 2012 and thereafter, Yun and Manhattan Elite Prep wrongfully infringed upon the intellectual property rights of Manhattan Review by creating a logo for Manhattan Elite Prep that was blatantly copied from the logo of Manhattan Review.

**<u>Simon and Kelly Materially Aid and Abet Yun and Manhattan Elite Prep</u>**

57.     From in or about December 2011, defendant Heather Simon did materially aid and abet Yun in her wrongful actions, including but not limited to Yun's breach of fiduciary duty towards Manhattan Review.

58.     Such actions by Simon include but are not limited to retaining and organizing former employees and tutors of Manhattan Review to act as employees and tutors of Manhattan Elite Prep; directing instructors at Manhattan Elite Prep to steer

9

customers of Manhattan Review to Manhattan Elite Prep; and infringing, and assisting in the infringement of, Manhattan Review's trademarks and copyrights.

59.     Upon information and belief, Simon did the actual copying of the Manhattan Review logo, including its distinctive "swoosh", in creating the Manhattan Elite Prep logo.

60.     Upon information and belief, Simon created new cover pages for Manhattan Elite Prep that were simply put in front of Manhattan Review's copyrighted books and study guides.

61.     From in or about October 2011, defendant Christopher Kelly did materially aid and abet Yun in her wrongful actions, including but not limited to Yun's breach of fiduciary duty towards Manhattan Review.

62.     Such actions by Kelly include but are not limited to transferring the trademarks owned by Manhattan Review to Yun in or about December 2011; assisting in the transfer of operations from Manhattan Review to Manhattan Elite Prep; and infringing, and assisting in the infringement of, Manhattan Review's trademarks and copyrights.

63.     In addition to the foregoing, Kelly also breached his professional and other duties that he owed to Manhattan Review as its attorney, by taking actions that include but are not limited to the destruction of Manhattan Review as a viable entity in December 2011; the usurpation of Manhattan Review's assets, business, clients and intellectual property; and his assistance of Yun and Manhattan Elite Prep in Yun's scheme to take Manhattan Review's business, operations, and assets.

64.     Upon information and belief, at all times alleged herein, Simon and Kelly, individually and collectively, were the agents of Yun and/or Manhattan Elite Prep, and, in doing the things alleged herein, were acting within the course and scope of such agency.

### The Wrongful Actions Continue To Date

65.     The wrongful actions of Yun and Manhattan Elite Prep as aforesaid commenced in or about December 2011, but have continued through the current date.

66.     From in or about March 2012 through the present date, Yun and Manhattan Elite Prep wrongfully caused listings to appear on Amazon that caused confusion between plaintiff Manhattan Review and defendant Manhattan Elite Prep.

67.     From in or about March 2012 through the present date, Manhattan Elite Prep wrongfully sold books, prep materials, and study guides on its website that belonged to plaintiff Manhattan Review, thereby infringing both its trademarks and copyrights.

68.     In or about December 2015, Yun and Manhattan Elite Prep were still selling books, prep materials and study guides on the Manhattan Elite Prep website that belonged to Manhattan Review, thereby infringing both its trademarks and copyrights.

69.     In particular, as of December 2015, Yun and Manhattan Elite Prep sold a "GMAT Math Concepts Guide" through its website, which is substantially identical to the "*Manhattan Review Turbocharge Your GMAT Math Study Guide*" copyrighted by Manhattan Review from 1999-2010, which is subject to a pending registration with the United States Copyright Office as alleged above.

70.     The "GMAT Math Concepts Guide" sold by Yun and Manhattan Elite Prep consists of over 160 pages of text, and it actually contains a footer on virtually every

page with the designation "www.manhattanreview.com" on one side, and "© 1999 – 2010 Manhattan Review" on the other.

71.     As such, the "GMAT Math Concepts Guide" sold by Yun and Manhattan Elite Prep not only infringes upon Manhattan Review's copyright in the "*Manhattan Review Turbocharge Your GMAT Math Study Guide*," but also infringes on Manhattan Review's trademark and tradename.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty Against Yun by Manhattan Review)

72.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

73.     Yun was a member-manager of Manhattan Review, a two-member LLC, along with Meissner.

74.     Because Yun was a member-manager of Manhattan Review, she owed a fiduciary duty of loyalty to Manhattan Review.

75.     The foregoing actions and inactions by Yun, including but not limited to the transfer of Manhattan Review's business and assets to Manhattan Elite Prep, constitute a breach of her fiduciary duty to Manhattan Review.

76.     The breaches by Yun caused damage to Manhattan Review, in an amount to be determined at trial.

77.     As a result of the foregoing, plaintiff Manhattan Review is entitled to a money judgment against Yun in an amount to be determined at trial, but believed to be not less than Two Hundred Thousand Dollars ($200,000).

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract Against Yun by Manhattan Review)

78.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

79.     Yun was a member-manager of Manhattan Review, a two-member LLC, along with Meissner.

80.     Yun was contractually obligated to comply with the Operating Agreement of Manhattan Review.

81.     The Operating Agreement of Manhattan Review provides, inter alia, that manager-members shall take or not take actions only if they are in furtherance of achieving "the business objectives and financial goals" of Manhattan Review.

82.     The Operating Agreement of Manhattan Review provides, inter alia, that manager-members shall not undertake any efforts that "directly or indirectly compete with the LLC's business goals, mission, products or services."

83.     The foregoing actions by Yun, including but not limited to the transfer of Manhattan Review's business and assets to Manhattan Elite Prep, were contrary to the business objectives and financial goals of Manhattan Review, and thus violated the Operating Agreement of Manhattan Review.

84.     The foregoing actions by Yun, including but not limited to the transfer of Manhattan Review's business and assets to Manhattan Elite Prep, directly competed with Manhattan Review's business goals, mission, products and services, and thus violated the Operating Agreement of Manhattan Review.

85.     In the alternative, the foregoing actions and inactions by Yun also constitute a breach of other contracts between Yun and Manhattan Review, including

implied and unwritten agreements and understandings for which Yun received

consideration from Manhattan Review.

86.     The breaches by Yun caused damage to Manhattan Review, in an amount

to be determined at trial.

87.     As a result of the foregoing, plaintiff Manhattan Review is entitled to

damages against Yun in an amount to be determined at trial, but believed to be not less

than Two Hundred Thousand Dollars ($200,000).


**AS AND FOR A THIRD CAUSE OF ACTION**
**(Trademark Infringement, Unfair Competition, and False Designation of Origin**
**Against Yun and Manhattan Elite Prep by Manhattan Review)**

88.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at

length herein.

89.     The actions of Yun and Manhattan Elite Prep as set forth above are likely

to cause confusion, mistake or deception as to the source, origin, affiliation, association

or sponsorship of Manhattan Elite Prep's goods and services, and to falsely mislead

consumers into believing that Manhattan Elite Prep's goods and services originate from,

are connected or affiliated with, or are approved by, Manhattan Review.

90.     Such actions constitute infringement of the marks "Manhattan Review"

and "Turbocharge Your Career" and unfair competition under Section 43(a) of the

Lanham Act, 15 U.S.C. §1125(a).

91.     As a direct and proximate result of said infringement by said defendants,

plaintiff Manhattan Review is entitled to damages in an amount to be determined at trial.

92.     Such actions have been undertaken by Yun and Manhattan Elite Prep willfully, which warrants an assessment of treble damages under 15 U.S.C. §1117.

93.     In addition to damages as aforesaid, as a direct and proximate result of the foregoing acts and conduct, plaintiff Manhattan Review has sustained and shall continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

94.     Specifically but not exclusively, Manhattan Review seeks the return of its two registered trademarks that were wrongfully taken by Yun; and Manhattan Review seeks to prevent Manhattan Elite Prep from wrongfully using or registering marks that infringe upon the marks of Manhattan Review.

95.     Plaintiff Manhattan Review therefore seeks, in addition to damages, injunctive and other equitable relief.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Unfair Competition Against Yun and Manhattan Elite Prep by Manhattan Review)**

96.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

97.     The willful conduct of defendants Yun and Manhattan Elite Prep constitutes unfair competition in that it is deceptive and unscrupulous, and it causes injury to consumers.

98.     As a result of said conduct by said defendants, plaintiff Manhattan Review is entitled to damages in an amount to be determined at trial; as well as equitable and other relief.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (New York State Infringement Claims Against Yun and Manhattan Elite Prep by Manhattan Review)

99.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

100.     The conduct of defendants Yun and Manhattan Elite Prep has caused injury to the goodwill and business reputation of Manhattan Review under the law of the State of New York, including General Business Law §360-l, by, inter alia, diluting the distinctive marks of Manhattan Review and devaluing the same.

101.     The conduct of defendants Yun and Manhattan Elite Prep constitutes deceptive practices under the law of the State of New York, including General Business Law §§349 and 350.

102.     The conduct of defendants Yun and Manhattan Elite Prep constitutes trademark infringement and unfair competition in violation of the common law of the State of New York.

103.     As a result of said conduct by said defendants, plaintiff Manhattan Review is entitled to damages in an amount to be determined at trial; as well as equitable and other relief.


## AS AND FOR A SIXTH CAUSE OF ACTION
### (Aiding and Abetting Breach of Fiduciary Duty Against Simon and Kelly by Manhattan Review)

104.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

105.     Based on the foregoing, Simon and Kelly aided and abetted Yun in breaching her fiduciary duty to Manhattan Review.

106.     As a result of the aiding and abetting by Simon and Kelly, Manhattan

Review incurred damages in an amount to be set forth at trial but which, upon

information and belief, is in excess of Two Hundred Thousand Dollars ($200,000).

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Copyright Infringement Against All Defendants by Manhattan Review)

107.     Plaintiffs repeat and reallege all prior allegations as if fully set forth at

length herein.

108.     Through their conduct as alleged, Defendants have infringed the

copyrights of plaintiff Manhattan Review in violation of, inter alia, Sections 106 and 501

of the Copyright Act, 17 U.S.C. §§106 and 501.

109.     Defendants' acts of infringement are willful, intentional and purposeful, in

disregard of and with indifference to the rights of plaintiff Manhattan Review.

110.     As a direct and proximate result of said infringement by Defendants,

plaintiff Manhattan Review is entitled to damages in an amount to be determined at trial.

111.     Plaintiff Manhattan Review is also entitled to Defendants' profits

attributable to the infringement, pursuant to 17 U.S.C. §504(b), including an accounting

of, and a constructive trust with respect to, such profits.

112.     Plaintiff Manhattan Review is further entitled to an award for attorneys'

fees and costs pursuant to 17 U.S.C. §505, or otherwise in accordance with law.

113.     In addition to damages as aforesaid, as a direct and proximate result of the

foregoing acts and conduct, plaintiff Manhattan Review has sustained and shall continue

to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

114.    Plaintiff Manhattan Review therefore seeks, in addition to damages, injunctive and other equitable relief.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Contributory Copyright Infringement Against All Defendants by Manhattan Review)

115.    Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

116.    In the alternative, if any of the Defendants did not directly infringe the copyright of plaintiff Manhattan Review as aforesaid, then upon information and belief, each of said Defendants with knowledge did materially contribute to infringement as aforesaid.

117.    Contributory copyright infringement by any such Defendant has caused damage to plaintiff Manhattan Review.

118.    As a direct and proximate result of said infringement by Defendants, plaintiff Manhattan Review is entitled to damages in an amount to be determined at trial; together with an award for attorneys' fees and costs; as well as injunctive and other equitable relief.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Fraudulent Conveyance—Actual Intent—Against Yun and Manhattan Elite Prep by Manhattan Review)

119.    Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

120.     Upon information and belief, the transfers and conveyances of Manhattan Review's assets as alleged herein were made by Tracy Yun and Manhattan Elite Prep with actual intent to hinder, defraud and delay Manhattan Review.

121.     Because the conveyances of Manhattan Review's assets as alleged herein were fraudulent, they should be set aside.

122.     Because Yun participated in said fraudulent conveyances and materially benefitted thereby, she is liable for a money judgment for damages.

123.     Because Manhattan Elite Prep was the transferee of Manhattan Review's assets and materially benefitted thereby, it is liable for a money judgment for damages.

124.     Because the intentional and fraudulent conduct of Yun and Manhattan Elite Prep in effecting the conveyances of Manhattan Review's assets was gross and wanton, and involve high moral culpability, punitive damages against them are warranted.

125.     Because the fraudulent conveyances were undertaken by Yun and Manhattan Elite Prep with actual intent to hinder, defraud and delay Manhattan Review, they are liable to plaintiff for attorneys' fees under New York Debtor & Creditor Law §276-a.

126.     As a result of the foregoing conduct by Yun and Manhattan Elite Prep, plaintiff Manhattan Review is entitled to set aside all such fraudulent conveyances; damages in an amount to be determined at trial; for an award of punitive damages against defendants; and for attorneys' fees.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Fraudulent Conveyance Against Yun and Manhattan Elite Prep by Manhattan Review)

127.    Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

128.    Upon information and belief, the transfers and conveyances of Manhattan Review's assets as alleged herein were made by Tracy Yun and Manhattan Elite Prep.

129.    The transfers and conveyances as aforesaid constitute fraudulent conveyances within the meaning of New York's Debtor and Creditor Law because they were made without fair consideration; or when an unreasonably small amount of capital was left in Manhattan Review's hands; or when Manhattan Review was rendered insolvent thereby.

130.    Because the conveyances of Manhattan Review's assets as alleged herein were fraudulent, they should be set aside.

131.    Because Yun participated in said fraudulent conveyances and materially benefitted thereby, she is liable for a money judgment for damages.

132.    Because Manhattan Elite Prep was the transferee of Manhattan Review's assets and materially benefitted thereby, it is liable for a money judgment for damages.

133.    As a result of the foregoing conduct by Yun and Manhattan Elite Prep, plaintiff Manhattan Review is entitled to set aside all such fraudulent conveyances; along with damages in an amount to be determined at trial.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Malpractice and Negligence Against Kelly by Manhattan Review)

134.    Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

135.    Kelly was Manhattan Review's attorney.

136.    Kelly owed a duty of care to Manhattan Review that included, but was not limited to, a professional duty as an attorney to act solely in the interests of Manhattan Review.

137.    Kelly breached his duty as attorney as aforesaid, by inter alia, assisting Yun in the destruction of Manhattan Review's business and operations in or about December 2011.

138.    In addition, Kelly acted in a manner that was negligent, careless, and contrary to that of a reasonable attorney at law, thereby breaching his duty to Manhattan Review.

139.    As a result of said conduct by defendant Kelly, plaintiff Manhattan Review is entitled to damages in an amount to be determined at trial.


### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Derivative Claims Against All Defendants by Meissner)

140.    Plaintiffs repeat and reallege all prior allegations as if fully set forth at length herein.

141.    Meissner asserts this claim derivatively, on behalf of Manhattan Review.

142.    For the period from in or about October 2011 through January 2012, Yun maintained significant levels of control over Manhattan Review.

143.    During the time when Yun maintained control over Manhattan Review, Yun took actions that harmed Manhattan Review.

144.    Demand by Meissner upon Yun to cease taking actions to harm Manhattan Review would have been futile.

145.    In the alternative, upon information and belief, Meissner did make demand upon Yun to cease taking actions to harm Manhattan Review, but Yun refused.

146.    Yun has denied that Meissner has a majority interest in Manhattan Review.

147.    In or about July 2015, Manhattan Review was revived by Professor Meissner as an LLC in good standing under the law of the State of Delaware.

148.    In the alternative, Meissner hereby asserts claims derivatively on behalf of Manhattan Review, against all Defendants as aforesaid, for each and every Cause of Action asserted above, which Causes of Action shall not be set forth herein but which are incorporated herein by reference as if set forth at length.

149.    As a result of said conduct by Defendants, plaintiff Joern Meissner seeks a judgment for Manhattan Review for its damages herein, in an amount to be determined at trial; as well as equitable and other relief.


**REQUESTED RELIEF**


WHEREFORE, plaintiffs Manhattan Review LLC and Joern Meissner, derivatively on behalf of Manhattan Review LLC, demand judgment as follows:

(1)    On the First Cause of Action for breach of fiduciary duty, for a judgment in favor of plaintiff Manhattan Review LLC and against defendant Tracy Yun, for

damages to be determined by a jury or trier of fact but not less than Two Hundred

Thousand Dollars ($200,000); plus punitive damages; along with costs and

disbursements; and

(2)     On the Second Cause of Action for breach of contract, for a judgment in

favor of plaintiff Manhattan Review LLC and against defendant Tracy Yun, for damages

to be determined by a jury or trier of fact but not less than Two Hundred Thousand

Dollars ($200,000), along with costs, disbursements and attorneys' fees; and

(3)     On the Third Cause of Action for trademark infringement, for a judgment

in favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun and

Manhattan Enterprise Group LLC doing business as Manhattan Elite Prep, for damages

to be determined by a jury or trier of fact but not less than Two Hundred Thousand

Dollars ($200,000), for injunctive and other equitable relief; along with costs,

disbursements and attorneys' fees; and

(4)     On the Fourth Cause of Action for unfair competition, for a judgment in

favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun and

Manhattan Enterprise Group LLC doing business as Manhattan Elite Prep, for damages

to be determined by a jury or trier of fact but not less than Two Hundred Thousand

Dollars ($200,000); for injunctive and other equitable relief; along with costs,

disbursements and attorneys' fees; and

(5)     On the Fifth Cause of Action for New York State and common law claims

for dilution of mark, deceptive practices and unfair competition, for a judgment in favor

of plaintiff Manhattan Review LLC and against defendants Tracy Yun and Manhattan

Enterprise Group LLC doing business as Manhattan Elite Prep, for damages to be

determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); for injunctive and other equitable relief; along with costs, disbursements and attorneys' fees if permitted by law; and

(6)  On the Sixth Cause of Action for aiding and abetting the breach of fiduciary duty, for a judgment in favor of plaintiff Manhattan Review LLC and against defendants Christopher Kelly and Heather Simon, for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); plus punitive damages; along with costs and disbursements; and

(7)  On the Seventh Cause of Action for copyright infringement, for a judgment in favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun, Manhattan Enterprise Group LLC doing business as Manhattan Elite Prep, Christopher Kelly and Heather Simon, for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); plus treble damages; along with costs, disbursements and attorneys' fees; and

(8)  On the Eighth Cause of Action for contributory copyright infringement, for a judgment in favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun, Manhattan Enterprise Group LLC doing business as Manhattan Elite Prep, Christopher Kelly and Heather Simon, for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); plus treble damages; along with costs, disbursements and attorneys' fees; and

(9)  On the Ninth Cause of Action for fraudulent conveyance with actual fraudulent intent, for a judgment in favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun and Manhattan Enterprise Group LLC doing business as

Manhattan Elite Prep, setting aside such fraudulent conveyances; for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); for punitive damages; along with costs, disbursements and attorneys' fees;

(10)     On the Tenth Cause of Action for fraudulent conveyance regardless of intent, for a judgment in favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun and Manhattan Enterprise Group LLC doing business as Manhattan Elite Prep, setting aside such fraudulent conveyances; for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); along with costs and disbursements;

(11)     On the Eleventh Cause of Action for malpractice and negligence, for a judgment in favor of plaintiff Manhattan Review LLC and against defendant Christopher Kelly, for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); along with costs and disbursements; and

(12)     On the Twelfth Cause of Action, for all claims as aforesaid, as sought derivatively by Joern Meissner on behalf of Manhattan Review LLC, for a judgment in favor of plaintiff Manhattan Review LLC and against defendants Tracy Yun, Manhattan Enterprise Group LLC doing business as Manhattan Elite Prep, Christopher Kelly and Heather Simon, for damages to be determined by a jury or trier of fact but not less than Two Hundred Thousand Dollars ($200,000); plus punitive damages and attorneys' fees as permissible by statute or agreement; along with costs and disbursements; and

     (13)    On all Causes of Action, for such other and further relief as this Court

deems proper.

Dated:    January 6, 2016
            New York, New York

                            HIGGINS & TRIPPETT LLP

                            _____

                            By:  Thomas P. Higgins
                            1120 Avenue of the Americas, 4th Floor
                            New York, New York 10036
                            (212) 840-8334
                            tphiggins@h-tlaw.com
                            Attorneys for plaintiffs Manhattan Review
                            LLC and Joern Meissner, derivatively on
                            behalf of Manhattan Review LLC

**Registration #:**   *-APPLICATION-*
**Service Request #:**   1-3015994821

## Mail Certificate _____

Higgins & Trippett LLP
Thomas P Higgins
1120 Avenue of the Americas
4th Floor
New York, NY 10036 United States

**Priority:**   Routine          **Application Date:**   January 05, 2016

## Correspondent _____

| | |
|---:|:---|
| **Organization Name:** | Higgins & Trippett LLP |
| **Name:** | Thomas P Higgins |
| **Email:** | tphiggins@h-tlaw.com |
| **Telephone:** | (212)840-8334 |
| **Alt. Telephone:** | (212)840-8334 |
| **Address:** | 1120 Avenue of the Americas |
| | 4th Floor |
| | New York, NY 10036 United States |

EXHIBIT A

Registration Number
# *-APPLICATION-*

## Title _____

**Title of Work:**   Manhattan Review Turbocharge Your GMAT Math Study Guide

## Completion/Publication _____

**Year of Completion:**   2010
**Date of 1st Publication:**   February 09, 2010
**Nation of 1st Publication:**   United States
**International Standard Number:**   ISBN 0982432402

## Author _____

- **Author:**   Manhattan Review LLC
**Author Created:**   text
**Work made for hire:**   Yes
**Citizen of:**   United States

## Copyright Claimant _____

**Copyright Claimant:**   Manhattan Review LLC
603 W. 115th Street, #284, New York, NY, 10023, United States

## Limitation of copyright claim _____

**Material excluded from this claim:**   text

**New material included in claim:**   text

## Rights and Permissions _____

**Organization Name:**   Higgins & Trippett LLP
**Name:**   Thomas P Higgins
**Email:**   tphiggins@h-tlaw.com
**Telephone:**   (212)840-8334
**Alt. Telephone:**   (212)840-8334
**Address:**   1120 Avenue of the Americas
4th Floor
New York, NY 10036 United States

## Certification

| | |
|---|---|
| **Name:** | Thomas P Higgins |
| **Date**: | January 05, 2016 |