UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANHATTAN REVIEW LLC and JOERN MEISSNER, derivatively on behalf of Manhattan Review LLC,

    Plaintiffs,

- against -

TRACY YUN, MANHATTAN ENTERPRISE GROUP LLC d/b/a MANHATTAN ELITE PREP, and CHRISTOPHER KELLY,

    Defendants.

---

16 Civ. 0102 (LAK) (JCF)

REPORT AND RECOMMENDATION

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/17

TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

Manhattan Review LLC ("Manhattan Review") and Dr. Joern Meissner, suing derivatively on Manhattan Review's behalf, bring this action alleging a variety of claims stemming from Tracy Yun's formation and operation of Manhattan Enterprise Group LLC, which does business as Manhattan Elite Prep. The defendants have moved to dismiss the Second Amended Complaint, and the plaintiffs have moved for leave to file a third amended complaint. For the reasons discussed below, I recommend that the motion to dismiss be granted and that leave to amend be denied.

Background

    A.    Factual Background

The facts underlying the plaintiffs' claims are set forth in my Report and Recommendation on the defendants' motion to dismiss the First Amended Complaint. See Manhattan Review LLC v. Yun, No.

16 Civ. 102, 2016 WL 6330474, at *1-2 (S.D.N.Y. Aug. 15, 2016). In March 2005, Dr. Meissner and Ms. Yun formed Manhattan Review, a test-preparation business for the Graduate Management Admission Test ("GMAT"). (Second Amended Complaint ("SAC"), ¶¶ 16, 20). Manhattan Review is a Delaware Corporation with its principal place of business in New York. (SAC, ¶¶ 1 21). Mr. Kelly, an attorney admitted to practice in New York, represented Dr. Meissner and Ms. Yun in the creation of Manhattan Review, drafting an Operating Agreement and filing the necessary paperwork for Manhattan Review to do business in New York. (SAC, ¶ 23).

In December 2011, following "several heated exchanges" between Ms. Yun and Dr. Meissner "rooted, in part, in [Ms.] Yun's misinterpretation of their personal relationship," Ms. Yun took steps to shut down Manhattan Review and establish a competitor without Dr. Meissner's consent. (SAC, ¶¶ 38, 44). She emptied most of the money out of Manhattan Review's bank account and transferred two of its trademarks to herself. (SAC, ¶¶ 50-52). On December 30, 2011, she executed a Certificate of Cancellation of Manhattan Review, which she filed with the Delaware Secretary of State on January 3, 2012. (SAC, ¶ 53). Mr. Kelly allegedly knew about Ms. Yun's plans to shut down Manhattan Review and gave her legal advice on how to misappropriate its assets and transfer its trademarks to herself. (SAC, ¶¶ 74-84, 90-91).

On January 3, 2012, Ms. Yun created Manhattan Enterprise Group LLC, a Delaware corporation that she wholly owned. (SAC, ¶¶ 4, 55). She immediately commenced operations as Manhattan Elite Prep, using Manhattan Review's assets, intellectual property, trademarks, phone numbers, and employees. (SAC, ¶¶ 56-57, 59). She directed Manhattan Review's clients to Manhattan Elite Prep, "blatantly copied" Manhattan Review's logo, and marketed and sold Manhattan Review's copyrighted materials. (SAC, ¶¶ 59-61). Since January 2012, Ms. Yun and Manhattan Elite Prep have continued to sell books, prep materials, and study guides that use Manhattan Review's trademarks and copyrighted materials. (SAC, ¶¶ 97-103).

Manhattan Review asserts ten causes of action in the Second Amended Complaint: (1) breach of fiduciary duty (against Ms. Yun); (2) breach of contract (against Ms. Yun); (3) trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1225(a) (against Ms. Yun and Manhattan Elite Prep); (4) unfair competition (against Ms. Yun and Manhattan Elite Prep); (5) infringement in violation of New York statutory and common law (against Ms. Yun and Manhattan Elite Prep); (6) aiding and abetting breach of fiduciary duty (against Mr. Kelly); (7 & 8) copyright infringement or contributory copyright infringement (against all defendants); and (9 & 10) fraudulent conveyance (against Ms. Yun and Manhattan Elite Prep). (SAC, ¶¶ 104-165). The Second Amended Complaint contains an additional

3

cause of action in which Dr. Meissner asserts each of those claims derivatively on Manhattan Review's behalf. (SAC, ¶¶ 166-175).

B. State Court Action

On March 7, 2012, Dr. Meissner commenced an action in New York State Supreme Court asserting individual claims and derivative claims on behalf of Manhattan Review against Ms. Yun and Manhattan Elite Prep. (Defendant Christopher Kelly's Memorandum of Law in Support of His Motion to Dismiss the Second Amended Complaint ("Kelly Memo.") at 6; Defendant Tracy Yun's Memorandum of Law in Support of Motions to Dismiss Plaintiffs' Second Amended Complaint ("Yun Memo.") at 6; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Pl. Memo.") at 8). On July 6, 2015, the court granted partial summary judgment to Ms. Yun and Manhattan Elite Prep, dismissing all of Dr. Meissner's derivative claims on the ground that he lacked the capacity to sue on behalf of Manhattan Review because he did not "successfully file a petition with Delaware's Court of Chancery to nullify or rescind the Certificate of Cancellation."[1]

---

[1] In making this determination, the court relied on the First Department's decision in Otto v. Otto, which held that in order to bring derivative claims on behalf of a Delaware corporation after the filing of a certificate of cancellation, a plaintiff must bring a "successful action seeking the nullification of the certificate of cancellation" in the Delaware Chancery Court. 110 A.D.3d 620, 620, 974 N.Y.S.2d 54, 55 (1st Dep't 2013). Otto, in turn, relied on the Delaware Chancery Court's decision in Matthew v. Laudamiel, which held that

4

(Meissner v. Yun, Index No. 650913/2012, at 6 (N.Y. Sup. Ct. July 6, 2015), attached as Exh. C to Declaration of Tracy Yun dated Dec. 1, 2016 ("Yun Decl."); Proposed Third Amended Complaint ("Proposed TAC"), attached as Exh. A to Declaration of Thomas P. Higgins dated Jan. 6, 2017, ¶¶ 121-122).

Shortly thereafter, Dr. Meissner sought to revive Manhattan Review as a Delaware corporation. On July 30, 2015, he paid Manhattan Review's past due fees and charges and filed a Certificate of Correction pursuant to the Delaware Limited Liability Company Act, Del. Code Ann. tit. 6, § 18-211, attesting that the Certificate of Cancellation filed by Ms. Yun was not authorized by Manhattan Review. (Proposed TAC, ¶¶ 123-124). On August 3, 2015, the Delaware Secretary of State issued a Certificate of Good Standing to Manhattan Review. (Proposed TAC, ¶ 126). On August 12, 2015, Dr. Meissner filed a motion to renew, correct, and vacate the July 6 Order based on Manhattan Review's newly restored status as an entity in good standing in Delaware. (Memorandum of Law in Support of Plaintiff's Motion for Renewal

---

    after the filing of a certificate of cancellation, [claims on behalf of a corporation] must be brought in the name of the LLC by a trustee or receiver appointed under [Del. Code Ann. tit. 6,] § 18-805, or directly by the LLC or derivatively by its members after reviving the LLC by obtaining revocation of its certificate of cancellation.

C.A. No. 5957, 2012 WL 605589, at *21 (Del. Ch. Feb. 21, 2012).

5

and Related Relief at 2-3, Meissner, Index No. 650913/2012 (N.Y. Sup. Ct. Aug. 12, 2015), attached as Exh. D to Yun Decl.; Proposed TAC, ¶¶ 125-26). On October 28, 2015, the court rejected Dr. Meissner's motion on the ground that he "failed to demonstrate that a Certificate of Good Standing is the equivalent of nullifying or revoking the Certificate of Cancellation under Delaware Law."[2] (Meissner, Index No. 650913/2012 (N.Y. Sup. Ct. Oct. 28, 2015), attached as Exh. E to Yun Decl.; Proposed TAC, ¶ 127). Dr. Meissner has appealed the July 6 and October 28 Orders to the Appellate Division, First Department (Proposed TAC, ¶ 129), which has not rendered a decision as of this writing.

---

[2] The Second Amended Complaint does not mention anything about the state court action. The Proposed Third Amended Complaint references the state court's decisions concerning Dr. Meissner's capacity to sue but does not allege anything about the filing of the state court complaint. Still, I may take judicial notice of all of the state court documents without converting the defendants' motion to dismiss or the plaintiffs' motion for leave to amend into a summary judgment motion. See Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 502 n.1 (S.D.N.Y. 2016) ("In deciding a motion to dismiss under Rule 12(b)(6), a court can take judicial notice of court documents."); Bentley v. Dennison, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012) ("The Court takes judicial notice of the administrative and state court documents submitted by the defendants . . . because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned."). The state court documents are publicly available on the New York State Courts' website at http://iapps.courts.state.ny.us/iscroll/index.jsp.

C.  The Instant Motions

The defendants move to dismiss the Second Amended Complaint on the following grounds: (1) the doctrines of res judicata and collateral estoppel bar the plaintiffs' claims; (2) the plaintiffs lack capacity to sue; (3) the claims against Ms. Yun and Manhattan Elite Prep for trademark infringement are deficiently pled; and (4) the claims against Mr. Kelly for aiding and abetting breach of fiduciary duty and copyright infringement are both time-barred and deficiently pled.  In connection with their motions to dismiss, the defendants seek an award of attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505, and the Lanham Act, 15 U.S.C. § 1117.

The plaintiffs move for leave to file a third amended complaint, which adds a cause of action against Mr. Kelly for breach of fiduciary duty but otherwise alleges the same causes of action as the Second Amended Complaint.  (Proposed TAC, ¶¶ 138-220).  The Proposed Third Amended Complaint also contains information about the state court action (Proposed TAC, ¶¶ 121-130).

Legal Standards

A.  Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court's charge in ruling on a 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)). The court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

B. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); accord Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005). "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). The court has broad discretion over motions to amend, see McCarthy v. Dun &

8

Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), and may deny such a motion for any of the following reasons: (1) undue prejudice to the non-moving party, (2) futility, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, or (5) undue delay, United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).

Here, the defendants argue solely that the plaintiffs' amendment is futile. Leave to amend should be denied as futile when the amended pleading would not survive a motion to dismiss under Rule 12(b)(6). IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Group, PLC, 783 F.3d 383, 389 (2d Cir. 2015). Thus, the standard governing leave to amend is whether the amended pleading states a claim on which relief can be granted when all facts pled are accepted as true and construed in the light most favorable to the plaintiff. See Panther Partners Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012) (citing Iqbal, 556 U.S. at 678-80). The defendants bear the burden of demonstrating that the proposed amendment is futile. See Allison v. Clos-ette Too, LLC, No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015).

Discussion

    A.    Collateral Estoppel

The defendants argue that the doctrines of collateral estoppel and res judicata bar all of the plaintiffs' claims because

9

of the state court's rulings that Dr. Meissner lacks capacity to bring derivative claims on behalf of Manhattan Review.[3] (Kelly Memo. at 9-11; Yun Memo. at 10-12; Defendant Manhattan Enterprise Group's Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint).

Collateral estoppel prohibits "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." New Hampshire v. Maine, 532 U.S. 742, 748–49 (2001); see 28 U.S.C. § 1738. New York law applies to determine the preclusive effect of a New York state court judgment on a federal action. Johnson v. Watkins, 101 F.3d 792, 794 (2d Cir. 1996). Under New York law, collateral estoppel bars relitigation of an issue when "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007); accord Juan C. v. Cortines, 89 N.Y.2d 659, 667, 657 N.Y.S.2d 581, 585 (1997). "The party invoking collateral estoppel must demonstrate the identity of the issues . . . and must establish that the issues were previously decided on the

---

[3] Because I ultimately recommend dismissal of all of the plaintiffs' claims based on collateral estoppel, I do not address res judicata.

merits," while "[t]he party seeking to defeat the application of the defense has the burden of establishing the absence of a full and fair opportunity to litigate the issues in the prior action." Lefkowitz v. Bank of New York, 676 F. Supp. 2d 229, 271 (S.D.N.Y. 2009); accord Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 456, 492 N.Y.S.2d 584, 588 (1985).

A court may apply collateral estoppel to dismiss claims on a 12(b)(6) motion, Graham, 156 F. Supp. 3d at 505, and courts have applied collateral estoppel to decisions concerning capacity to sue. See Tycon Tower I Investment Limited Partnership v. John Burgee Architects, No. 95 Civ. 6951, 1999 WL 676007, at *9 (S.D.N.Y. Aug. 31, 1999) ("[T]he bankruptcy court correctly found the state court dismissal for lack of capacity to sue precluded [the plaintiff's] assertion of [its] claims in the bankruptcy proceeding."); Edens v. Laubach, 838 F. Supp. 510, 514 (D. Kan. 1993) ("We believe the doctrine of collateral estoppel applies to decisions upon issues such as capacity to sue.").

1. Identical Issue

The July 6 Order held that Dr. Meissner lacked capacity to bring derivative claims on behalf of Manhattan Review. The October 28 Order reached the same conclusion after Dr. Meissner obtained the Certificate of Good Standing from the Delaware Secretary of State. Both orders resulted in the dismissal of Dr. Meissner's

11

derivative claims.[4]  Thus, they both resolved the issue of Dr. Meissner's capacity to bring derivative claims on the merits.[5]  The defendants' motion to dismiss presents the same question concerning Dr. Meissner's capacity to sue on behalf of Manhattan Review[6] on facts that are materially identical to those before the state court in its October 28 Order.

The plaintiffs acknowledge that "the issue of Manhattan Review['s] [] revival was raised before the [s]tate [c]ourt" in its October 28 Order.  (Pl. Memo. at 10).  They argue, however,

---

[4] The fact that both orders are currently pending on appeal does not preclude the application of collateral estoppel.  See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., No. 08 CV 4207, 2012 WL 1038804, at *8 (E.D.N.Y. March 28, 2012) ("It is well settled that state-court decisions still have collateral estoppel effect even though they are pending on appeal."); Chariot Plastics, Inc. v. United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) ("[C]ollateral estoppel appl[ies] once final judgment is entered in a case, even while an appeal from that judgment is pending.").

[5] A box is checked on the October 28 order indicating that it was a "Non-Final Disposition" rather than a "Disposed" case. (Meissner, Index No. 6509131/2012 (N.Y. Sup. Ct. Oct. 28, 2015). The October 28 order, like the July 6 order, did not address Dr. Meissner's individual claims, and thus was not a final disposition of the entire state court action.  Accordingly, the fact that the order indicates that it was a "Non-Final Disposition" should not be interpreted to stand for the proposition that it did not reach the merits of Dr. Meissner's capacity to sue on behalf of Manhattan Review.

[6] Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that capacity to sue is governed by the law of the state where the court is located -- in this case, New York.  Thus, New York law governs the question of capacity to sue in this action and the state court action.

that the Order did not address the same question presented by the defendants' motion to dismiss in this action because it "[did] not purport to resolve whether the procedure adopted by Dr. Meissner [to obtain the Certificate of Good Standing] was proper." (Pl. Memo. at 10). The plaintiffs point to facts alleged in the Proposed Third Amended Complaint that were not presented to the state court -- specifically, that in order to obtain the Certificate of Good Standing, Dr. Meissner filed a Certificate of Correction with the Delaware Secretary of State and paid Manhattan Review's past due fees and charges. (Pl. Memo. at 10-11; Proposed TAC, ¶¶ 123-124).

The plaintiffs do not explain why Dr. Meissner failed to raise these facts with the state court. Regardless, these facts are insignificant. The question before the state court in its October 28 Order was whether the Certificate of Good Standing could restore Dr. Meissner's capacity to sue on behalf of Manhattan Review after Manhattan Review was dissolved by the filing of the Certificate of Cancellation. The particular process Dr. Meissner employed to obtain the Certificate of Good Standing does not bear on that question.[7] Therefore, the October 28 Order decided the identical

---

[7] The plaintiffs argue that the allegations concerning that process present a distinct issue because of a footnote in Matthew suggesting that there is more than one way for a former member of an LLC to pursue claims on behalf of the LLC after the filing of a certificate of cancellation. (Pl. Memo. at 11 (citing Matthew, 2012 WL 605589, at *22 & n.148)). However, that footnote only

13

issue concerning Dr. Meissner's capacity to sue that is presented by the defendants' motion to dismiss.[8]

Next, the plaintiffs argue that even if the July 6 and October 28 orders "impair Dr. Meissner's capacity to file derivative claims," they do not bar Manhattan Review's direct claims because "it is not disputed that neither order addressed the ability of Manhattan Review to file direct claims." (Pl. Memo. at 11). The plaintiffs are correct that Manhattan Review was not a named party in the state court action. Still, this argument is without merit.

---

contemplates alternative procedures for the nullification of a certificate of cancellation where, for example, an LLC's affairs were not properly wound up. See Matthew, 2012 WL 605589, at *22 & n.148 (explaining that the Chancery Court's appointment of a trustee or receiver under Del. Code Ann. tit. 6, § 18-805 "is not the only way in which former members may pursue an LLC's claims after a certificate of cancellation has been filed. For example, if the Court finds that an LLC's affairs were not wound up in compliance with the Delaware Limited Liability Company Act, it may nullify the certificate of cancellation, which effectively revives the LLC and allows claims to be brought by and against it."). It does not address the ability of a document obtained outside the Chancery Court -- like a certificate of good standing from the Secretary of State -- to nullify a certificate of cancellation, let alone the significance of the particular process used to obtain the certificate of good standing. The plaintiff has not cited any authority to this effect.

[8] The July 6 Order dealt with a factually distinguishable situation. At that stage of the litigation, the question before the state court involved Dr. Meissner's capacity to sue prior to the issuance of the Certificate of Good Standing. Thus, the July 6 Order did not address whether the Certificate of Good Standing could restore Dr. Meissner's capacity to sue. Accordingly, absent the October 28 Order, the July 6 Order would not warrant the application of collateral estoppel.

14

The resolution of Dr. Meissner's capacity to bring derivative claims and Manhattan Review's capacity to bring direct claims turns on the identical legal question -- namely, whether Manhattan Review was properly revived by a nullification of the Certificate of Cancellation. Where, as here, a certificate of cancellation has been filed and no trustee or receiver has been appointed under Del. Code Ann. tit. 6, § 18-805, claims on behalf of a corporation must be brought either "directly by the LLC or derivatively by its members after reviving the LLC by obtaining revocation of its certificate of cancellation." Matthew, 2012 WL 605589, at *21. The state court determined that the Certificate of Good Standing was not a proper nullification of the Certificate of Cancellation. That determination is decisive of Manhattan Review's capacity to bring direct claims as well as Dr. Meissner's capacity to bring derivative claims in this action.

2. Full and Fair Opportunity to Litigate

A determination of whether a prior action provided a full and fair opportunity to litigate "requires consideration of the realities of the [prior] litigation, including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him." Hickerson v. City of New York, 146 F.3d 99, 109 (2d Cir. 1998) (alterations in original) (quoting Ryan v. New York Telephone Co., 62 N.Y.2d 494,

15

501, 478 N.Y.S.2d 823, 827 (1984)). On his motion to renew, correct, or vacate the July 6 Order, Dr. Meissner briefed the issue of whether the Certificate of Good Standing restored his capacity to sue on behalf of Manhattan Review. The state court ruled directly on that issue in the October 28 Order. The plaintiffs do not allege any circumstances that discouraged or deterred Dr. Meissner from fully litigating the issue. Accordingly, Dr. Meissner had a full and fair opportunity to litigate in the state court action.

Dr. Meissner's opportunity to litigate also satisfied Manhattan Review's opportunity to litigate the issue of its capacity to sue. In Henik ex rel. LaBranche & Co. v. LaBranche, another court in this district held that a shareholder's derivative claims were barred by collateral estoppel where a state court had previously ruled that a different shareholder lacked standing to bring derivative claims because of a failure to make a demand on the corporation's board of directors. 433 F. Supp. 2d 372, 377-82 (S.D.N.Y. 2006). The court reasoned that while "preclusion generally should not be imposed upon individuals who themselves did not have an opportunity to litigate the initial action . . . , privity among shareholder plaintiffs presents an atypical situation" in that "the true plaintiff in this suit and the [prior] action is the identical corporation." Id. at 379-80. The court also noted that because "the wrong to be redressed is the wrong

16

done to the corporation . . . , it inevitably follows that there can be but one adjudication on the rights of the corporation." Id. at 380 (quoting Dana v. Morgan, 232 F. 85, 89 (2d Cir. 1916)).

Allowing this litigation to go forward would permit multiple adjudications to proceed on the rights of Manhattan Review -- the true plaintiff on Dr. Meissner's derivative claims in the state court action. Indeed, "[t]he general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." Obstfeld v. Schwartz, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008) (quoting ZB Holdings, Inc. v. White, 144 F.R.D. 42, 45 (S.D.N.Y. 1992)); cf. Kaplan v. Bennett, 465 F. Supp. 555, 560 (S.D.N.Y. 1979) ("A derivative action represents prosecution of a claim belonging not to the individual shareholder but to the corporation on whose behalf suit is brought." (citing Ross v. Bernhard, 396 U.S. 531, 538-39 (1970))). The fact that Manhattan Review was not formally aligned as a plaintiff in the state court action does not change the fact that it was the real party in interest on Dr. Meissner's derivative claims in that action. Therefore, Dr. Meissner's opportunity to litigate the capacity to sue issue in the state court action belonged not only to Dr. Meissner but also to Manhattan Review.

In sum, both of the required elements to apply collateral estoppel under New York law are present in this case. The state court's determination that Dr. Meissner lacked capacity to bring

17

derivative claims on behalf of Manhattan Review bars the plaintiffs' derivative claims and direct claims in this action.[9] As a result, the Second Amended Complaint fails to state a claim on which relief can be granted, and the Proposed Third Amended Complaint would not survive a motion to dismiss.

B.  Attorneys' Fees and Costs

Mr. Kelly seeks an award of attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505 (Kelly Memo. at 18), and Ms. Yun seeks an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117.  (Yun Memo. at 20-21).  They do not, however, provide any attorney time records, hourly rates, or documentation of costs.  Accordingly, I recommend denying the defendants' application for attorneys' fees without prejudice to a future application that includes the information necessary to make a determination on the defendants' entitlement to attorneys' fees and costs.

---

[9] Although Mr. Kelly was not a party to the state court action, collateral estoppel bars the claims against him as well.  A non-party to the initial action may invoke collateral estoppel as long as "the party against whom the doctrine is applied . . . had the opportunity to litigate the merits of the issue in the prior action."  Bush v. O.P.E.I.U. Local 153, 499 F. Supp. 2d 571, 573 (S.D.N.Y. 2007).  As discussed above, Dr. Meissner had a full and fair opportunity to litigate the merits of the capacity to sue issue in the state court action.

18

Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss the Second Amended Complaint (Docket nos. 76, 79, and 81) be granted and that the plaintiffs' motion for leave to file a third amended complaint (Docket no. 93) be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Lewis A. Kaplan, Room 2240, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

/s/ James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 10, 2017

Copies transmitted this date to:

Thomas P. Higgins, Esq.
Higgins & Trippett LLP
1120 Avenue of the Americas
4th Floor
New York, NY 10036

Tracy Yun
521 Fifth Ave., 17th Floor
New York, NY 10175

Michael A. Freeman, Esq.
Greenberg Freeman, L.L.P.
110 East 59th Street
22nd Floor
New York, NY 10022

Jared E. Paioff, Esq.
Schwartz Sladkus Reich Greenberg Atlas LLP
270 Madison Avenue, 9th Floor
New York, NY 10016